UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH DONALD THORNBLAD, | Case No. 22-CV-2880 (WMW/JFD) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

This matter is before the Court on Petitioner Joseph Donald Thornblad's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 1 ("Petition")); (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2 ("IFP Application")); and (3) motion seeking release (Dkt. No. 3 ("Release Motion")). For the reasons set forth below, the Court recommends denying the Petition, denying the IFP Application and Release Motion as moot, and declining to issue Mr. Thornblad a certificate of appealability.

On January 19, 2023, this Court entered an Order in this action noting that Mr. Thornblad "seems to be challenging a civil-commitment order from 1996." (Dkt. No. 13 ("January 2023 Order"); *see also, e.g.*, *In re Thornblad*, No. C0-96-1793, 1996 WL 745221, at *1 (Minn. Ct. App. Dec. 31, 1996).) Given this, the Court concluded, the Petition appeared to face a serious problem under the statute of limitations of 28 U.S.C. § 2244(d). (*See id.* at 2.) As the January 2023 Order recounted, § 2244(d) reads as follows:

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Court therefore ordered Mr. Thornblad to "show cause why the Court should not dismiss this matter based on this failure to comply with § 2244(d)." (Jan. 2023 Order 3.)

Since the Court entered its order, Mr. Thornblad has made four substantive responses. (*See* Dkt. Nos. 14-17.) They collectively include about 110 pages of material. As a threshold point, it appears that Mr. Thornblad means for the Court to review these materials and generate relevant arguments addressing the Petition's statute-of-limitations

problems. The Court need not do this. Courts in this District routinely decline to sift through exhibits submitted by a party to find facts or arguments in that party's favor. *See, e.g.*, *Shortymacknifisent v. Hunter*, No. 22-CV-0766 (DSD/BRT), 2022 WL 17546559, at *3 n.7 (D. Minn. Nov. 18, 2022) (citing cases), *R. & R. adopted*, 2022 WL 17485553 (D. Minn. Dec. 7, 2022); *Jackson v. FindJodi.com, Inc.*, No. 21-CV-1777 (SRN/DTS), 2022 WL 336832, at *4 (D. Minn. Feb. 4, 2022) (citing *Murrin v. Avidigm Capital Grp., Inc.*, No. 07-CV-1295 (PJS/RLE), 2008 WL 11463468, at *10 (D. Minn. Sept. 5, 2008)), *aff'd*, No. 22-1652, 2022 WL 4455209 (8th Cir. June 1, 2022). The Court sees no reason to relax that rule here. This alone would be sufficient to justify recommending the Petition's denial.

Out of an abundance of caution, however, the Court has reviewed Mr. Thornblad's various submissions. Nothing in them disputes that the Petition challenges a civil-commitment order from 1996, or makes any serious effort to suggest that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" extends Mr. Thornblad's § 2244(d)(1)(A) deadline as far as November 2022.[1] To be sure, there are procedures for challenging a civil commitment in Minnesota. *See, e.g.*, Minn. Stat. § 253B.18, subds. 5, 13. But there is no indication here—or in Minnesota's appellate court records—that Mr. Thornblad exhausted his state-court remedies at a time that would make a November 2022 petition timely. *See generally* Minnesota Appellate Courts, Case Management System, https://macsnc.courts.state.mn.us (last accessed Mar. 31, 2013) (showing only one potential challenge by Mr.

---

[1] Nor do the submissions suggest that the relevant limitations period here should run from any of the alternatives listed at § 2244(d)(1)(B)–(D).

3

Thornblad since 2013, with that challenge plainly not properly exhausted); *cf. O'Sullivan v. Boerckel*, 526 U.S. 838, 842–48 (1999) (discussing exhaustion requirement); *Dansby v. Hobbs*, 766 F.3d 809, 823 (8th Cir. 2014) (same (citing cases)).

The Court therefore recommends denying the Petition because it is barred by the statute of limitations. This leaves the IFP Application and the Release Motion. The IFP Application asks the Court to let Mr. Thornblad proceed *in forma pauperis* here. The Release Motion asks for Mr. Thornblad's release, but provides no substantive discussion and presumably piggybacks on the Petition. Given the Court's recommended disposition of the Petition, the Court recommends denying both the IFP Application and the Release Motion as moot.

A final issue concerns whether to issue a so-called certificate of appealability ("COA"). A § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a COA. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court may not grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s]"—as here—"a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petition's statute of limitations problem is so obvious that it is highly unlikely that any other court, including the U.S. Court of Appeals for the Eighth Circuit,

4

would treat the Petition differently than this Court is treating it here. The Court therefore recommends not granting Mr. Thornblad a COA.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Joseph Donald Thornblad's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 1) be **DISMISSED WITH PREJUDICE** for failure to comply with the applicable statute of limitations.

2. Mr. Thornblad's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) and motion seeking release (Dkt. No. 3) each be **DENIED as moot**.

3. No certificate of appealability be issued.


Dated: April 5, 2023                    *s/ John F. Docherty*_____
                                         JOHN F. DOCHERTY
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).